﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 200503-85318
DATE: November 30, 2020

ORDER

The appeal seeking entitlement to service connection for an acquired psychiatric disorder, to include anxiety and depression, is dismissed.

Entitlement to service connection for an unspecified digestive disorder is denied.

Entitlement to service connection for gastroesophageal reflux disease (GERD) is denied.

Entitlement to service connection for Raynaud’s disease is denied.

REMANDED

Entitlement to service connection for intestinal cystitis, to include as due to herbicide exposure, is remanded.

Entitlement to service connection for fibromyalgia, to include as due to herbicide exposure, is remanded.

Entitlement to service connection for an unspecified bladder condition, to include as due to herbicide exposure, is remanded. 

Entitlement to service connection for an unspecified autoimmune disease, to include as due to herbicide exposure, is remanded.

Entitlement to service connection for Sjogren’s syndrome, to include as due to herbicide exposure, is remanded.

FINDINGS OF FACT

1. In September 2020, prior to the promulgation of a decision in the appeal, a Department of Veterans Affairs (VA) Regional Office (RO) granted service connection for an acquired psychiatric disorder.

2. Throughout the appellate period the Veteran has not had a current disability of an unspecified digestive disorder.

3. The preponderance of the evidence is against finding that the Veteran’s GERD began during active service or is otherwise related to an in-service injury or disease.

4. The preponderance of the evidence is against finding that the Veteran’s Raynaud’s disease began during active service or is otherwise related to an in-service injury or disease.

CONCLUSIONS OF LAW

1. The appeal concerning entitlement to service connection for an acquired psychiatric disorder, to include anxiety and depression, is dismissed, as entitlement was already granted and there remains no justiciable case or controversy with respect to this claim. U.S.C. § 7105 (2012).

2. The criteria for service connection for an unspecified digestive disorder have not been met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303 (2019).

3. The criteria for service connection for GERD have not been met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303 (2019).

4. The criteria for service connection for Raynaud’s disease have not been met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303 (2019).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from August 1995 to April 1999.

In May 2020, the Veteran elected the Hearing with a Veterans Law Judge (VLJ) lane for her April 2020 rating decision in the Appeals Modernization Act (AMA) review system. However, through her representative, in an August 2020 brief, the Veteran waived her appearance at her scheduled virtual hearing, deciding to instead rely upon the provided legal memorandum and attached documents in support of her claim. Based on a review of the brief, it was unclear if the Veteran also intended to waive her additional 90 days to submit further evidence in support of his claim. Moreover, on September 1, 2020, the Veteran, through her representative requested VA wait a full 30 days before deciding her claim (the Board notes that this requested 30 days was still within the available 90-day evidence submission window following the Veteran’s scheduled hearing). Accordingly, the Board has waited the full 90 days following the date of the Veteran’s previously scheduled hearing (August 21, 2020), to provide the Veteran until November 19, 2020 to submit any additional evidence in support of her claim. However, the Board notes that the Veteran did not submit any additional evidence within the applicable period outside of the August 2020 legal memorandum and its attached documents.

1. Entitlement to service connection for an acquired psychiatric disorder, to include anxiety and depression.

By way of background, the Veteran initially filed an informal claim for service connection for “an acquired psychiatric condition to include PTSD as a result of sexual trauma including secondary depression, anxiety and eating disorder” in September 2005. A note in the Veteran’s electronic file indicates that this claim was never formalized. In August 2007, the Veteran filed a formal application for service connection for bipolar disorder. In the September 2007 notification letter to the Veteran, VA wrote “We are working on your application for service-connected compensation for bipolar disorder, posttraumatic stress disorder (PTSD due to personal trauma), depression/anxiety, and eating disorder.” In an April 2008 rating decision, the RO denied service connection for bipolar disorder. The Veteran did not appeal this decision. However, in July 2012 she filed another informal claim for compensation for PTSD, depression, and bipolar disorder, providing a statement in support of her claim. In an August 2013 rating decision, the RO again denied service connection for bipolar disorder claimed as PTSD with depression. The Veteran appealed this issue up to the Board. In a September 2020 Board legacy decision, the Veteran was granted service connection “for any acquired psychiatric disorder, to include PTSD due to military sexual trauma and bipolar disorder, schizoaffective type.” The RO effectuated this grant in a September 2020 rating decision.

As the Board has previously granted service connection for any acquired psychiatric disorder, and the RO effectuated such in a September 2020 rating decision, the claim for service connection for an acquired psychiatric disorder, to include anxiety and depression, is dismissed as a matter of law, as there remains no case or controversy; or dispute of fact or law, regarding this issue. See U.S.C. § 7105; see also Baughman v. Derwinski, 1 Vet. App. 563, 566 (1991). The benefit sought on appeal was granted in full.

Service Connection

Generally, to establish service connection a Veteran must show: “(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service.” Davidson v. Shinseki, 581 F.3d 1313, 1315–16 (Fed. Cir. 2009); Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). Service connection may also be granted for any injury or disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease or injury was incurred in service. 38 C.F.R. § 3.303(d).   

Service connection cannot be granted “[i]n the absence of proof of a present disability.” Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). The current disability requirement is satisfied when the claimant has a disability at the time the claim is filed or during the pendency of the appeal even though the disability may resolve prior to adjudication. McClain v. Nicholson, 21 Vet. App. 319, 321 (2007).

VA is required to give due consideration to all pertinent medical and lay evidence in evaluating a claim for disability benefits. 38 U.S.C. § 1154(a). Lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007).   

Lay evidence cannot be determined to be not credible merely because it is unaccompanied by contemporaneous medical evidence. Buchanan v. Nicholson, 451 F.3d 1331, 1336–37 (Fed. Cir. 2006). However, the lack of contemporaneous medical evidence can be considered and weighed against a Veteran’s lay statements. Id. Further, a negative inference may be drawn from the absence of complaints or treatment for an extended period. Maxson v. West, 12 Vet. App. 453, 459 (1999), aff’d sub nom. Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000).   

2. Entitlement to service connection for an unspecified digestive disorder.

In February 2020, the Veteran filed an application for service connection for an unspecified digestive disorder. The Veteran provided no additional information as to what she meant by this claim. A review of the Veteran’s treatment records shows a diagnosis of GERD, however, the Board notes that the Veteran also separately requested service connection for GERD in her February 2020 application. As noted above, service connection cannot be granted “[i]n the absence of proof of a present disability.” Brammer, 3 Vet. App. 223, 225 (1992). During the pendency of this claim, the Veteran has not provided any credible evidence showing that she is currently suffering from an unspecified digestive disorder. 

Moreover, in the August 2020 representative’s brief, there is no specific argument in support of the Veteran’s claim for entitlement to service connection for an unspecified digestive disorder. Instead, a blanket argument was made that “the mental claim was caused by the rape incident and all of the physical claims followed as a result of the rape.” While this is an argument for secondary service connection, the Board again notes that the Veteran does not have a current disability of an unspecified digestive disorder. Furthermore, as noted above, the Veteran was first granted service connection for an acquired psychiatric disorder in a September 2020 Board decision. Therefore, even if the Veteran did have a current disability, the RO did not commit a pre-decisional duty to assist error in not obtaining an opinion based on secondary service connection because the subsequent rating decision is not new evidence; it is a new legal finding.

Finally, a review of the Veteran’s service treatment records shows no complaints of, or treatment for an unspecified digestive disorder, indicating that even if the Veteran did have a current disability (a finding which the evidence does not support), her claim for service connection would also fail at step two, because there is no evidence of an in-service event. Nevertheless, the Veteran’s claim fails at the first step, as the preponderance of the evidence is against the finding of a current disability. Accordingly, entitlement to service connection for an unspecified digestive disorder is denied. 

3. Entitlement to service connection for GERD.

A review of the Veteran’s treatment records shows a current diagnosis of GERD. Thus, a current disability has been established. However, the preponderance of the evidence is against the finding of an in-service event. A review of the Veteran’s service treatment records shows no complaints of, or treatment for GERD. As noted above, in the August 2020 representative’s brief, it is only argued that the Veteran’s physical conditions followed as a result of her mental claims. Yet, as explained above, the RO did not commit a pre-decisional duty to assist error in not obtaining an opinion based on secondary service connection because the subsequent rating decision is not new evidence; it is a new legal finding. The Board notes that in the AMA the Veteran is able to file a supplemental claim to have secondary service connection considered by the RO now that she has been granted service connection for an acquired psychiatric condition. Nevertheless, the record currently before the Board does not support a finding of an in-service event, and the Veteran has not argued such. Accordingly, entitlement to service connection for GERD is denied.

4. Entitlement to service connection for Raynaud’s disease.

A review of the Veteran’s treatment records shows a current diagnosis of Raynaud’s disease. Thus, a current disability has been established. However, the preponderance of the evidence is against the finding of an in-service event. A review of the Veteran’s service treatment records shows no complaints of, or treatment for Raynaud’s disease. As noted above, in the August 2020 representative’s brief, it is only argued that the Veteran’s physical conditions followed as a result of her mental claims. Yet, as explained above, the RO did not commit a pre-decisional duty to assist error in not obtaining an opinion based on secondary service connection because the subsequent rating decision is not new evidence; it is a new legal finding. The Board notes that in the AMA the Veteran is able to file a supplemental claim to have secondary service connection considered by the RO now that she has been granted service connection for an acquired psychiatric condition. Nevertheless, the record currently before the Board does not support a finding of an in-service event, and the Veteran has not argued such. Accordingly, entitlement to service connection for Raynaud’s disease is denied.

REASONS FOR REMAND

1. Entitlement to service connection for intestinal cystitis, to include as due to herbicide exposure, is remanded.

2. Entitlement to service connection for fibromyalgia, to include as due to herbicide exposure, is remanded.

3. Entitlement to service connection for an unspecified bladder condition, to include as due to herbicide exposure, is remanded.

4. Entitlement to service connection for an unspecified autoimmune disease, to include as due to herbicide exposure, is remanded.

5. Entitlement to service connection for Sjogren’s syndrome, to include as due to herbicide exposure, is remanded.

In the April 2020 rating decision, the RO made favorable findings that the Veteran has a current diagnosis of fibromyalgia and intestinal cystitis. A review of the Veteran’s treatment records show that she also has a current diagnosis of Sjogren’s syndrome, is taking multiple medications for an unspecified bladder condition, and has been noted as suffering from an autoimmune disease (the Board notes that Sjogren’s syndrome is an autoimmune disease and the record is unclear as to whether the Veteran also suffers from an additional unspecified autoimmune disorder). Nevertheless, on her February 2020 application for service connection, the Veteran wrote that each of these conditions was due to agent orange exposure while she was serving in Guam from 1996-1997. A review of the Veteran’s military personnel records show that she was stationed in Guam. However, the RO provided no development of the Veteran’s claim for herbicide exposure. This is a pre-decisional duty to assist error. Accordingly, remand is warranted for additional development.

The matters are REMANDED for the following action:

Develop the record to determine whether the Veteran was exposed to herbicides while she was stationed in Guam during her active duty service.

 

 

TANYA SMITH

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. Ruiz, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.